22933

In the Matter of Joseph Kenneth RENTIERS, Respondent.

(374 S. E. (2d) 672)

Supreme Court

*T. Travis Medlock, Atty. Gen.*, and *James G. Bogle, Jr.*, and *Samuel L. Wilkins, Asst. Attys. Gen.*, Columbia, *for complainant.*

*Kermit S. King* and *Nathan M. Crystal*, Columbia, *for respondent.*

Heard Oct. 4, 1988.

Decided Dec. 5, 1988.

*Per Curiam:*

In this attorney grievance, Respondent is charged with the impropriety of drafting a Will in which he was named a beneficiary. The Executive Committee adopted the Hearing Panel's finding of misconduct and recommended a public reprimand. We agree with the recommendation of the Committee.

Annabel S. Petterson, Respondent's client and longtime personal friend, was hospitalized with terminal cancer on November 26, 1985. On the next day Respondent visited Mrs. Petterson and discussed his receiving a power of attorney to manage her affairs during hospitalization.

On November 28, Mrs. Petterson executed a power of attorney prepared by Respondent and witnessed by his two daughters. At that time Mrs. Petterson instructed Respondent to draft a Will devising to him her residence and an office building he had previously offered to purchase. When Respondent refused to accept the devises, Mrs. Petterson insisted that the Will provide an option for him to buy the property for half its actual value. Respondent then requested that the daughters and a sitter leave the room. He testified that, while alone with Mrs. Petterson, he pled with her that she have another attorney prepare the Will, but she refused.

Thereafter, Respondent drafted a Will in which he was named executor and trustee of a testamentary trust, and in which he was given a one-year option to purchase the two pieces of real property at one-half their market value. On December 15, 1985, Mrs. Petterson executed the Will.

Mrs. Petterson died on January 12, 1986; on December 23, 1986, almost one year later, Respondent exercised his option to purchase the office building for $85,000, one-half its appraised value. After the complaint was filed in this matter, he reconveyed the property to Mrs. Petterson's estate, then resigned as executor and trustee.

The Hearing Panel and Executive Committee found that Respondent's conduct violated the Code of Professional Responsibility. We agree.

Disciplinary Rule 5-101(A) states: "Except with the consent of his client after full disclosure, a lawyer shall not accept employment if the exercise of his professional judgment on behalf of his client Will be or reasonably may be affected by his own financial, business, property, or personal interests."

An attorney who prepares a Will in which he is a ∎ beneficiary has engaged in a perilous undertaking. At best, he compromises his capacity to provide his client with sound professional advice; at worst, he renders himself

incapable of serving her best interest; in any event, he benefits financially beyond any legal fee received for preparation of the document.

Here, the record falls far short of establishing compliance with the "full disclosure" provision of the Disciplinary Rule. Moreover, there is no evidence of Mrs. Petterson's having been informed that a Will, drawn by an attorney-beneficiary, is vulnerable to attack upon grounds of undue influence or that, in the event the Will is challenged, his credibility as a witness would be impaired by his personal interest in the outcome. Finally, Respondent failed to even advise Mrs. Petterson that his counsel may well be affected by that very interest. *See, e.g., In re Vogel*, 92 Ill. (2d) 55, 65 Ill. Dec. 30, 440 N. E. (2d) 885 (1982): *State v. Horan*, 21 Wis. (2d) 66, 123 N. W. (2d) 488 (1963); *see also* C. Wolfram, *Modern Legal Ethics*, § 8.12.3 (1986).

Respondent relies upon Ethical Consideration 5-5 and the case of *In re Barrick*, 87 Ill. (2d) 233, 57 Ill. Dec. 725, 429 N. E. (2d) 842 (1981), and contends that his actions were proper because of the presence of "exceptional circumstances." In *Barrick*, the attorney's actions were found to be proper where he had a long-standing relationship with the client and drafted a Will which named himself a beneficiary only after the client refused to have another lawyer do so.

*Barrick*, however, is distinguishable. There, the attorney (1) made a full and complete disclosure of the ethical considerations involved, (2) knew that the client had received disinterested advice from an independent person who was aware of the circumstances, and (3) took precautions to prevent the Will from being challenged.

The facts here are more analogous to those in *In re Vogel*, *supra*, in which an ethical violation was found. Here, as in *Vogel*, there is an absence of the full disclosure required by the Rule.

Based upon the foregoing, a public reprimand is the appropriate sanction. Accordingly, Respondent stands publicly reprimanded for his actions.

Public reprimand.